IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

BERTHA M. BENTON,

    Plaintiff,

vs.

MICHAEL J. ASTRUE[1]
Commissioner of Social Security,

    Defendant.

Civil Action No.
**7:05-CV-117 (HL)**

## RECOMMENDATION

Presently pending before the court is the Commissioner's Motion to Dismiss for untimeliness. (Doc. 8).

On August 19, 2005, the Appeals Council denied plaintiff's request for review of the Administrative Law Judge's ("ALJ") denial of her claim for disability insurance benefits and supplemental security income benefits. (Exhibit 2 to Declaration of John Timlin doc. 8). This action by the Appeals Council rendered the ALJ's decision the final decision of the Commissioner giving rise to judicial review within sixty days of receipt. Plaintiff had sixty days from her receipt of the Appeals Council's notice to request judicial review. See 42 U.S.C. § 405 (g). To be considered timely, plaintiff must have commenced her civil action on or before

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this action. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

October 24, 2005[2]. The instant action was filed November 5, 2005 by the plaintiff, who is appearing *pro se*.

Sections 405 (g) and (h) of the Social Security Act, 42 U.S.C. § 405 (g) and (h) authorize judicial review in cases arising under Title II of the Social Security Act. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) provides:

> No finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Where a right, such as the right to sue, is a creature of statute, and the statute provides a special remedy, that remedy is exclusive. United States v. Babcock, 250 U.S. 328, 331 (1919).

It does not appear on the face of this record, nor does plaintiff allege, that she requested or received an extension of time from the Appeals Council in which to file a civil action. The Act provides that:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow…

---

[2]The date of receipt of notice of denial of a request for review is presumed to be five days after the date of such notice. 20 C.F.R. Sec. 422.210 (2005).

42 U.S.C. § 405 (g).

Inasmuch as it appears that the plaintiff did not timely file the instant action, it is the RECOMMENDATION of the undersigned that the Commissioner's motion to dismiss be **GRANTED**, and that this action be DISMISSED without prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 6th day of June, 2007.

                                                  //S Richard L. Hodge
                                                  RICHARD L. HODGE
msd                                            UNITED STATES MAGISTRATE JUDGE